**Neville Patrick BROWN and Themba Brown, Plaintiffs–Appellants,**

v.

**Police Officers James SCHURLEIN, Timothy Feehan, Brendan Sullivan, Scott Walsh, Undercover Police Officer, Shield No. 7402, Police Officers, "1" Through "5", Cary O'Connor, Defendants–Appellees,**

**City of New York, Defendant.**

**No. 05–4951–pr.**

United States Court of Appeals, Second Circuit.

July 28, 2006.

John Cobb, Cobb & Cobb, Tuxedo, NY, for Plaintiffs–Appellants.

Fay Ng, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of the New York, on the brief; Pamela Seider Dolgow, of counsel), New York, NY, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, Circuit Judges and Hon. EDWARD R. KORMAN,* District Judge.

**SUMMARY ORDER**

Plaintiffs Neville Patrick Brown and Themba Brown appeal from a decision and

---

* The Honorable Edward R. Korman, Chief Judge of United States District Court for the Eastern District of New York, sitting by designation.

order entered on August 29, 2005 in the United States District Court for the Eastern District of New York (Sifton, *J.*), denying plaintiffs' motion for a new trial (under Rule 59, Fed.R.Civ.P.) following a five-day jury trial on plaintiffs' claims of false arrest, malicious prosecution, and the use of excessive force by defendants, in violation of 42 U.S.C. § 1983. On appeal, plaintiffs argue that qualified immunity should have been decided by the court as a matter of law and not have been submitted to the jury. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review the district court's denial of a motion for a new trial for abuse of discretion. *See Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.,* 290 F.3d 98, 106 (2d Cir.2002). A motion for a new trial "ordinarily should not be granted unless the trial court is convinced that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Id.* (internal citation and quotations omitted).

(1) Though we have suggested that the ultimate question on qualified immunity ought to be resolved by the court as a question of law, we have never definitively held as such. *See, e.g., Stephenson v. Doe,* 332 F.3d 68, 80 n. 16 (2d Cir.2003) ("It is at least questionable, however, whether as a general matter in the context of an excessive force claim a jury should decide the ultimate issue of qualified immunity, in addition to the factual disputes that may bear on the issue.").

(2) It is a moot question whether the district court should have submitted the qualified immunity claim to the jury or whether the instruction on qualified immunity was incorrect. The jury was instructed to consider qualified immunity only if it first found liability; this two-step inquiry was mirrored in the verdict sheet. The jury followed this instruction, found defendants not liable on all claims, and never reached the question of qualified immunity. *See Barrett v. Orange County Human Rights Comm'n,* 194 F.3d 341, 348 (2d Cir.1999) ("The jury's finding that the individual defendants did not violate Barrett's constitutional rights renders moot both the question of whether the individual defendants were otherwise entitled to immunity under state law and the question of the state's liability ... under the doctrine of respondeat superior."); *cf. Medforms,* 290 F.3d at 115 ("In this case, the jury did not specifically answer the questions on the verdict form regarding any affirmative defense, including joint ownership. Thus, Medforms has not established that it was prejudiced by the alleged errors in the jury instructions.").

Moreover, contrary to appellants' assertions, the court did not ask the jury to determine what the law was on the date in question; rather it expressly instructed the jury that "it was clearly established that the Constitution is violated if a police officer arrests somebody without probable cause or subjects someone to malicious prosecution or employs excessive force in arresting or carrying out his official functions." *See Warren v. Dwyer,* 906 F.2d 70, 75 n. 1 (2d Cir.1990). Finally, there is no record basis for inferring confusion on the part of the jury.

Accordingly, the district court did not abuse its discretion by denying plaintiffs' motion for a new trial.

We have considered all of plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**